Lynda Scheele, Mayor City of Abilene P.O. Box 519 410 N. Broadway Abilene, Kansas 67410-0519
Dear Mayor Scheele:
Pursuant to official action taken by the Abilene City Commission, you request our opinion whether K.S.A. 14-1302 precludes a former city commissioner from being appointed to the office of city attorney. The Abilene City Manager has advised us that Commissioner Mark Guilfoyle resigned from the Commission on December 26, 2000 and applied for the vacancy in the City Attorney's office that was created when the former City Attorney resigned. Our understanding is that, after reviewing applications for the position, the City Manager entered into an employment agreement with the firm of Guilfoyle Hildebrand to provide legal counsel to the City for a fixed retainer. Mr. Guilfoyle is to provide general legal counsel to the City and Mr. Hildebrand will prosecute cases in municipal court.
K.S.A. 14-1302 provides, as follows:
 "No member of the board of commissioners shall hold any office of profit . . . nor shall the mayor or commissioner ever be . . . appointed to any office created by or the compensation of which was increased or fixed by the board of commissioners while he or she was a member thereof until after the expiration of at least two years after he or she had ceased to be a member of said board." (Emphasis added.)
K.S.A. 14-1302 was enacted in 1909 when city commissioners appointed city officers, including the city attorney, and established officers' compensation.[1] Presumably, K.S.A. 14-1302
was enacted to prevent commissioners from creating lucrative offices, which they aspired to after their commission terms expired. However, with the advent of the commission-city manager statutes[2] in 1917, the need for such a prohibition became less urgent because, while a city commission can create administrative departments,[3] it is the city manager who appoints the department heads, subordinate officers, and employees.[4]
The City Manager has advised that the City of Abilene is a city of the second class that employs a commissioner-manager form of government.[5] In a letter authored by the former Abilene City Attorney, Ben Sexton, and provided to this office, Mr. Sexton notes that the Office of City Attorney was not created during Mr. Guilfoyle's tenure on the Commission and the compensation for the position is set by the City Manager.
Notwithstanding the change in circumstances noted above, the plain language of K.S.A. 14-1302 clearly prohibits a former commissioner from being appointed to the office of city attorney prior to the expiration of two years from the date the commissioner left office if either: (1) the office of city attorney was created by the commission during the former commissioner's tenure; or (2) the compensation for the office of city attorney was increased or fixed by the commission during the former commissioner's tenure.
Based upon the information provided to this office by the former City Attorney that indicates that neither of these two conditions exists, it is our opinion that K.S.A. 14-1302 does not prohibit the City Manager from appointing a former Commissioner to the Office of City
Attorney prior to the expiration of two years from the date the former Commissioner left office.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 14-1501.
[2] K.S.A. 12-1001 et seq.
[3] K.S.A. 12-1015.
[4] K.S.A. 12-1014.
[5] K.S.A. 12-1001 et seq.